IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD YOUNG ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-282-MHT |
| RICHARD ALLEN, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

**ANSWER AND SPECIAL REPORT**

COME NOW the Defendants, **Governor Bob Riley** and **Richard Allen**, by and through undersigned counsel, and in accordance with this Honorable Court's June 5, 2006 Order, offer the following written report.

**PARTIES**

1. Defendant Bob Riley is Governor of the State of Alabama.

2. Defendant Richard Allen is Commissioner of the Alabama Department of Corrections.

3. Plaintiff Donald Young is an Alabama Department of Corrections inmate who is incarcerated at Easterling Correctional Facility ("Easterling").

**EXHIBITS**

EXHIBIT 1 - Affidavit of Gwendolyn Mosley, who is employed by the Department of Corrections as a Correctional Warden III at Easterling (with attachments)

EXHIBIT 2 - Supplemental affidavit of Gwendolyn Mosley

1

**PLAINTIFF'S CLAIMS**

Plaintiff alleges a laundry list of what he claims are Eighth Amendment violations all due to overcrowding of Easterling. These allegations include a vast array of cruel and unusual punishment violations which undersigned counsel summarizes as follows:

1. Easterling has one doctor to care for the oversized population.

2. The overcrowding at Easterling has denied the Plaintiff the proper amount of time to use the law library (the "Library").

3. The overcrowding at Easterling has denied the Plaintiff the proper time to exercise in the recreation yard, posing a threat to the Plaintiff's physical and mental health.

4. The fire alarm system at Easterling is faulty and in violation of State and federal law subjecting the Plaintiff to unsafe and hazardous living conditions.

5. Due to overcrowding, the laundry facility at Easterling is not able to properly provide clean and dry bedding and clothing for the inmates, depriving the Plaintiff of life's basic necessities, as well as, vital mental and physical health.

6. The Plaintiff is exposed to environmental hazards at Easterling because due to overcrowding, the sewage treatment is inadequate to handle the population.

7. Due to overcrowding the Plaintiff is denied proper access to a shower, denying the Plaintiff his right to keep clean.

8. Due to overcrowding at Easterling, the Plaintiff is exposed to unhealthy conditions, as evidenced when on March 21, 2006, Easterling barbers were made to stop cutting hair because of a staph epidemic. Specifically, the

Plaintiff alleges that health inspectors were averted from seeing the barber sanitation practices.

9. Due to the overcrowding of Easterling, the prison ventilation system is inadequate.

10. Due to the overcrowding of Easterling, the Plaintiff is being vaccinated for Hepatitis B, which is spread by "these unconstitutional conditions."

11. Due to overcrowding, the Plaintiff is subjected to excessive noise from the loud speakers in the prison causing the Plaintiff to suffer from sleep deprivation.

12. Due to overcrowding the water supply is not safe to drink, as the water is not tested by the Alabama Department of Environmental Management. Specifically, the water has a foul odor and taste causing numerous inmates to develop skin rashes, sores and staph infections. The Plaintiff alleges that the Department of Corrections instructs employees to drink bottled water, and not to drink the Easterling water supply. The Plaintiff alleges that Easterling is dumping raw sewage into the Alabama River.

### **DEFENDANTS' RESPONSE**

1. The Defendants deny that they violated the Plaintiff's constitutional rights.
2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
3. The Plaintiff has failed to state a claim upon which relief may be granted.
4. The Plaintiff makes no specific allegations against Governor Riley or Commissioner Allen.

5. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

6. The Defendants are immune from suit due to qualified immunity.

7. The Defendants cannot be held liable under respondeat superior.

8. Defendants assert that the Plaintiff's claim is barred under 42 U.S.C. § 1997(e)(e).

9. The Defendants assert that in his fourteen page *Amended Complaint*, the Plaintiff has failed to allege an injury.

## STATEMENT OF FACTS

Easterling is designed to hold 652 inmates, and currently holds nearly 1,266 beds. (Exhibit 1, P.3). Easterling has one physician who is able to cover inmates' requests and provide proper medical attention. (Exhibit 1, P.1).

The prison maintains the Library open to all inmates during certain set hours. (*See* Exhibit 1, P1). Inmates who need additional time at the Library may request additional time. (Exhibit 1, P.1).

Inmates at Easterling are allowed two or three recreation times on First Shift and one recreation yard time on Second Shift. (Exhibit 1, P.2). In other words, inmates are allowed one to two hours on the recreation yard on First and Second Shift. (Exhibit 1, P.1 & Exhibit 2, P.1).

Easterling does not have a faulty fire alarm system. (Exhibit 1, P.2). The system is checked periodically by a Fire Safety Officer. (Exhibit 1, P.2).

Inmates at Easterling are provided proper bedding, as each inmate receives one blanket, two sheets, one pillow case, and one mattress. (Exhibit 1, P.2). Inmate blankets are washed once a month, upon inmate request. (Exhibit 1, P.2). Inmates have an

opportunity to turn in their clothes three times a week to be washed. (Exhibit 1, P.2). If an inmate's clothes come back from laundry and are not dry, the clothes can go back to the laundry for proper drying. (Exhibit 1, P.2).

The warden at Easterling denies dumping raw sewage into the Alabama River. (Exhibit 1, P.2). The City of Clio handles Easterling's sewage. (Exhibit 1, P.2).

Easterling has adequate showering facilities. (Exhibit 1, P.2). Showers are operated from 5:00 P.M. to 7:00 P.M. for inmates who do not take yard call. (Exhibit 1, P.2). Inmates who do take yard call have the opportunity to shower from 7:30 P.M. to 9:00 P.M. (Exhibit 1, P.2).

The warden at Easterling denies the existence, and testifies that she is unaware, of any incident regarding barbers being made to stop cutting hair because of a staph epidemic. (Exhibit 1, P.2).

The warden at Easterling has not received any complaints about noise in the dorms, other than the broadcast through the speaker in the dorms. (Exhibit 2, P.2). The speaker is used for alerting inmates for morning wake-up, chow call, and all other information. (Exhibit 2, P.2). Inmates with complaints are to first notify the officer assigned to the dorm of any complaints. (Exhibit 2, P.2).

Easterling is properly ventilated by windows, fans and ventilator fans. (Exhibit 1, P.3).

Inmates at Easterling were vaccinated for Hepatitis B on a volunteer basis as a precaution. (Exhibit 1, P.3).

The City of Clio reports no health complaints related to water consumption. (Exhibit 1, P.3). No employee of Easterling has been instructed to drink bottled water. (Exhibit 1, P.3 & *See* Exhibit 1, *Attachment*).

The Health Care Unit reports no evidence that drinking water causes inmates to have skin rashes, sores, or staph infection. (Exhibit 1, P.3).

## ARGUMENT

**1.   The Plaintiff's allegations based upon respondeat superior must fail.**

Plaintiff names Commissioner Richard Allen and Governor Bob Riley as Defendants, but makes no specific allegations against either one of them. (*See Amended Complaint*). Presumably, Plaintiff's claim against the Defendants appears to be an attempt to hold them responsible through the concept of respondeat superior which is not available to a plaintiff under § 1983. *See* Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978). "Supervisor liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Braddy v. Florida Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998)(*quoting* Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). The Plaintiff has made no specific allegations as to how the Defendants participated in, or caused, any item on his laundry list of allegations that he raises in his *Amended Complaint*, other than his broad assertion that the Defendants have failed to alleviate the overcrowded prison conditions. (*See Amended Complaint*, P.2).

**2.    The Plaintiff's allegations do not establish any unconstitutional conditions that need to be remedied.**

The claims against the Defendants are due to be dismissed because the inmate has failed to state a claim upon which relief may be granted as against any Defendant.

Although the Eighth Amendment prohibits "cruel and unusual punishment" of inmates, it does not require that prisons be comfortable. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994); Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981). A valid Eighth Amendment claim has two components: (1) an objective component which requires that challenged conditions be "sufficiently serious;" and (2) a subjective component which requires that prison officials exhibit "deliberate indifference" to prisoner health or safety. Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (*citing* Wilson v. Seiter, 501 U.S. 294, 298-303, 111 S.Ct. 2321, 2324-27 (1991)).

The Supreme Court has held that deliberate indifference describes a state of mind more blameworthy than negligence. Farmer, 511 U.S. at 835, 114 S.Ct. at 1978.

> [A] prison official cannot be found liable under the Eighth Amendment. . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 835, 114 S.Ct. at 1978.

The Plaintiff has compiled a laundry list of bare allegations that are completely unsupported, without merit and unattached to a single alleged harm. (*See Amended Complaint*). In other words, the Plaintiff makes no specific allegation, substantial or insubstantial, of any harm of which the Defendants allegedly could be indifferent. For example, among other claims the Plaintiff alleges that Easterling has only one physician, but he fails to allege any specific harm that he has suffered. (*Amended Complaint*, P.4).

He claims that "[t]he Health Care Facility capacity is inadequate to handle the demands of 'Defendants['] overcrowding in the State of Alabama, creating the quality of health care that is grossly unacceptable and is not within the prudent professional standards designed to meet routine and emergency medical. . . care." (*Amended Complaint*, P.4). Easterling has one physician who is able to handle the health care needs of the prison. (Exhibit 1, P.1). The Plaintiff has failed to allege a single specific incident that shows a deliberate indifference by the Defendants.

In the Eleventh Circuit, to establish an Eighth Amendment violation of cruel and unusual punishment, a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The Plaintiff's bare list of allegations is devoid of any specific "objectively serious need" or "objectively insufficient response" by the Defendants to that need. (*See Amended Complaint*). For example, the Plaintiff alleges that because of overcrowding, Easterling does not allow sufficient time for inmates to use the Library. (*Amended Complaint*, P.4). In fact, the Library is open Tuesday through Friday from 12:00 P.M. to 7:00 P.M. and on Saturday from 8:00 A.M. to 4:00 P.M. (Exhibit 1, P.1). Inmates at Easterling have the ability to request additional time in the Library if necessary. (Exhibit 1, P.1). The Plaintiff does not allege any objective facts that would demonstrate that he, or any other inmate, has an objectively serious need that has not been met by the current hours or policy in Easterling. (*See Amended Complaint*, P.4). In fact, the Plaintiff does not mention the hours or policies of the Library at all. (*See*

*Amended Complaint*, P.4).  Therefore, the Plaintiff's allegations fail to establish an Eighth Amendment violation.

Although several conditions of confinement in combination may also establish an Eighth Amendment violation, to be actionable they must have "a mutually enforcing effect that produces the depravation of a single, identifiable human need such as food, warmth, or exercise." Wilson v. Seiter, 501 U.S. 294, 304, 11 S.Ct. 2321, 2327 (1991). "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson 501 U.S. at 305, 111 S.Ct. at 2327.  The Plaintiff alleges that the inmates were vaccinated for Hepatitis B that can be "proven to be spread by these unconstitutional conditions that's in combination with Defendants overcrowding." (*See Amended Complaint*, P.8).  The inmates are vaccinated as a precautionary measure, and only on a voluntary basis. (Exhibit 1, P.3).

The Plaintiff makes a vague allegation that he is deprived of warmth in a claim that because of overcrowding his bedding is only washed once a year during the month of April, and at that time he has to sleep with only one sheet being exposed to sub-fifty degree temperatures. (*Amended Complaint*, P.5).  He further claims that his laundry and clothing come back wet. (*Amended Complaint*, P.5).  Thus, he alleges, that he is deprived of his right to proper mental and physical health. (*Amended Complaint*, P.5).  It appears that low cell temperature with inadequate bedding could under certain circumstances constitute an Eighth Amendment violation.  See Wilson 501 U.S. at 304, 111 S.Ct. at 2327.  However, Easterling provides all inmates proper bedding: one blanket, two sheets, one pillow case, and one mattress. (Exhibit 1, P.2).  Blankets are

9

washed once a month. (Exhibit 1, P.2). If any clothes are not dry, an inmate has an opportunity to tell a dorm officer and send the clothes back for proper drying. (Exhibit 1, P.2). The Plaintiff makes no specific allegations in his assertion regarding wet clothing. (*See Amended Complaint*, P.5). The Plaintiff has not set forth even a de minimus harm. (*See Amended Complaint*, P.5). Furthermore, inmates are provided proper bedding and a procedure to send clothes back to the laundry to dry that come back damp. (Exhibit 1, P.2).

The Plaintiff alleges that because of overcrowding he is denied proper time in the exercise yard, posing a threat to "[P]laintiff's physical and mental health." (*Amended Complaint*, P.4). Inmates at Easterling are allowed one to two hours on the recreation yard on First and Second Shift. (Exhibit 2, P.1). The Plaintiff has not alleged a specific incident or harm indicating an objectively serious need. (*See Amended Complaint*, P.4)

The Plaintiff alleges that because of overcrowding, the fire alarm system is broken. (*Amended Complaint*, P.5). The fire alarm system is not faulty and is checked periodically. (Exhibit 2, P.2). No specific date, time or incident is alleged in the Plaintiff's claim, other than a vague and unsupported claim. (*See Amended Complaint*, P.5). The Plaintiff has not shown that the Defendants have been indifferent about the faulty fire alarm, as it appears the alarm is in working order.

The Plaintiff alleges that the loud speaker system is creating excessive noise with announcements for chow calls, pill calls, legal mail calls, population work calls, count times depriving him of sleep causing "continuous torture." (*Amended Complaint*, P.9); and that the overcrowding has created an inadequate ventilation system (*Amended Complaint*, P.8). The warden testifies that she has not received any complaints about

noise in the dorm other than the broadcast, which is used to transmit information to the inmates. (*See* Exhibit 2, P.2). The quality of the air is acceptable as the dorms are ventilated by windows, fans and ventilator fans. (Exhibit 2, P.1). The Eighth Amendment "does not mandate comfortable prisons," Rhodes, 452 U.S. at 349, 1015 S.Ct. at 2400. In fact the Eighth Amendment permits prison conditions that are "restrictive and even harsh," Farmer 511 U.S. at 833, 114 S.Ct. 1977 (*quoting* Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399) "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (excessive force against prisoner may be cruel and unusual if it inflicts wanton and unnecessary pain though no serious injury) (*quoting* Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399)(double-bunking of inmates in single-occupancy cells not cruel and unusual)). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson, 503 U.S. at 9, 112 S.Ct. 1000 (*quoting* Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399). The Plaintiff has failed to show an "objective" violation of the Eighth Amendment. The Plaintiff's claims concerning overcrowding do not rise to the level of a constitutional violation.

In Bennett v. Misner, 2004 W.L. 2091473 (D. Or.) the U.S. District Court of Oregon was weighing allegations that injured or sick workers, some of whom bled into the food, was such that kitchen conditions were so unsanitary that they posed a substantial risk of harm. The District Court held:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation.

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); Arnold v. Int'l Business Machines, Corp., 637 F.2d 1350, 1355 (9th Cir.1981). In addition, plaintiffs have neither alleged nor provided evidence to establish that they suffered significant injury or illness—such as specific, repeated instances of food poisoning or malnutrition—directly resulting from their exposure to unsafe or unsanitary kitchen conditions. See Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) )(to state an Eighth Amendment conditions-of-confinement claim, the harm suffered from the alleged violation must be more than *de minimus*).

Second, plaintiffs have failed to show that the specific lapse in sanitation resulting from Bennett's cut was anything other than temporary or that any harmful contamination occurred. Therefore, plaintiffs did not suffer a deprivation of constitutional magnitude. 2004 W.L. 2091473* 11 (D Or)

In the instant of case, the Plaintiff's general allegations are wholly void of any specific claim of harm and are insufficient to rise to the level of a constitutional violation.

**3.    The Defendants are immune from suit.**

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. See Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974). The Defendants are officials acting on behalf of the State of Alabama. The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and

the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (*quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295, *quoting* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendants have not violated Young's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

        Respectfully submitted,

        TROY KING
        Attorney General

        <u>Cheairs M. Porter</u>
        Cheairs M. Porter
        Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 4th day of August, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF System and served a copy of the same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Donald Young, AIS 157063
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, AL 36017-2615

        <u>Cheairs M. Porter</u>
        Cheairs M. Porter
        Assistant Attorney General