IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DONALD W. YOUNG, #157063,          §
                                   §
        PLAINTIFF,                 §
                                   §   **RECEIVED**
        -vs-                       §   CIVIL ACTION NUMBER: 2:06-Cv-282-MHT
                                   §   2007 MAR -7 A 4:19
GOVERNOR BOB RILEY,                §
RICHARD ALLEN, A.D.O.C. COMMISSIONER, §   EBRA P. HACKETT, CLK
SYDNEY WILLIAMS, CHMN. OF PAROLE BOARD §   U.S. DISTRICT COURT
GWENDOLYN MOSELY, ECF WARDEN,      §   MIDDLE DISTRICT ALA
BRIAN MITCHELL, ECF PSYCHOLOGIST,  §
DR. RON CAVANAUGH, DIR. A.D.O.C. S.A.P., §
MS. LATRICE GREEN, ECF CLASS. SUPERVISOR §
NANCY McCRARY, DAVID W. DOUGLAS, AND: §
MATTHEW GAGNE, ET. AL.,            §
                                   §
        DEFENDANTS.                §

MOTION FOR APPOINTMENT OF COUNSEL
AND MOTION FOR LEAVE TO FILE AN
AMENDED COMPLAINT PURSUANT TO:
F.R.Civ.P., RULE(S) #15(A) and 19(A)

        Comes now, the Plaintiff, Pro-se, herein and above named in the
above-styled and numbered cause pursuant to: F.R.Civ.P., Rule(s)
#15(A) and #19(A) and hereby requests leave to file an amended
Complaint adding parties to include different facts, and a new legal
claim, and, request for "Appointment of Counsel, and as such shows
to this Honorable Court the following, to wit:

                                   I.

        since the filing of this Complaint, on or about April 25, 2006,
Plaintiff, in his original Complaint named: RICHARD ALLEN, ALABAMA
DEPARTMENT OF CORRECTIONS COMMISSIONER; GOVERNOR BOB RILEY; AND,
SYDNEY WILLIAMS, CHAIRMAN OF THE PAROLE BOARD, ET. AL., AS NAMED
DEFENDANTS IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY.

        Since the filing of the original Complaint, Plaintiff has
determined that: GWENDOLYN MOSELY, EASTERLING CORRECTIONAL FACILITY
WARDEN, BRIAN MITCHELL ECF PSYCHOLOGIST, MS. LATRICE GREEN, ECF
CLASSIFICATION SUPERVISOR, DR. RON CAVANAUGH, DIRECTOR OF A.D.O.C.
SUBSTANCE ABUSE TREATMENT PROGRAMS, NANCY McCRARY, DAVID W. DOUGLAS
AND, MATTHEW GAGNE are to amended to Plaintiff's original Complaint,
and, as such, Plaintiff request that these parties be amended in
their official and individual capacities to Plaintiff's original
Complaint.

                                   I.

        Pursuant to: 28 U.S.C., §1915 (e) (1), Plaintiff hereby moves
for

PLAINTIFF'S MOTION
CONTINUED FROM PAGE # 1:

an "Order" Appointing Counsel to represent the herein named Plaintiff in this instant case at bar, and, in support of Plaintiff's "Motion" hereby provides the following:

(1).

Plaintiff is unable to afford counsel, plaintiff has been granted leave to proceed in forma pauperis, and;

(2).

Plaintiff's imprisonment has greatly limited his abaility to litigate his case. The issues in this case are numerous and complex, and, will require a significant amount of research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law and is being inmate para-legally assisted, which at Easterling Correctional Facility can get inmates a citation, and, coupled with the law library hours which are tentative at best, compound Plaintiff's ability to litigate this instant case at bar.

(3).

A trial in this instant case at bar will likely involve conflicting testimony, and, counsel appointed ~~counsel~~ would better enable Plaintiff to represent present evidence and cross examine witnesses, whereas, the Plaintiff does Not have the skill or knowledge to ~~do so.~~

(4).

Plaintiff has made repeated efforts to obtain counsel, In Re: Mr. Mark Cohen, with the Southern Poverty Law Center, and, Ratliff and associates in Mobile, Alabama, and, the American Civil Liberties Union. Wherefore, Plaintiff requests that this Honorable Court appoint Southern ~~Poverty Law~~ Center for Human Rights, addressed as follows:                SOUTHERN CENTER FOR HUMAN RIGHTS
83 - POPLAR STREET, N.W.
ATLANTA, GEORGIA 30303-2122

Who, are members of the bar and are able to litigate in the federal courts.

III.

COMPLAINT

(1).

PRELIMINARY STATEMENT

This is a Civil Action brought forth pursuant to: 42 U.S.C., §1983, et. seq.. The Plaintiff, who is an Alabama Department of Corrections Prisoner, seeks "Injunctive Relief" to "ordere" the Defendants "cease and disist" a policy of "coerced participation" in

in Religous Based Drug Treatment Programs along with the threat of negative records being generated in prisoner's files which are used to decide an inmate's security level, transfer to other prisons and participation in programs at a lower security level, which are a proven contribution to the Alabama Department of Corrections prison overcrowding problems, which, said prisons are already at (200%) overcrowded for what said prisons are designed for. Plaintiff also seeks enforcement of a "Settlement Agreement" that said prgrams do not further restrict prisoners denial of work-release or an early parole review, just because of a prisoner's religious, or no-religious beliefs.

Hence, said defendants are in violation of the Plaintiff's U.S.C.A., (1st),(5th),(8th), and (14th) amendment rights.

IV.

### JURISDICTION - VENUE

(1).

This is a Civil Action authorized by 42 U.S.C., §1983, et. seq., to redress the deprivation under color of state law, of rights secured by the United States Constitution, whereas this Court pursuant to: 28 U.S.C., §1331 (A)(3). Wherefore, Plaintiff seeks declaratory Relief pursuant to: 28 U.S.C., §2201 and §2202, et. seq.,.

Plaintiff further prays for "Injunctive Relief" pursuant to 28 U.S.C., §2283, and, §2284, et. seq., and further pursuant to: F.R.Civ.P., Rule(s) #(65).

(2).

The United States District Court of the Middle District of Alabama is an appropriate venue under 28 U.S.C., §1391 (b)(2) because it is where the events herein named give rise to the claims occurring with all parties.

V.

### AMENDED PLAINTIFFS

Plaintiff Donald W. Young, is an at all times mentioned herein a prisoner of the Alabama Department of Corrections, currently assigned to:          EASTERLING CORRECTIONAL FACILITY
200 - WALLACE DRIVE
CLIO, ALABAMA 36017-2613

VI.

### AMENDED DEFENDANTS

-3-

**(1).**

At all times referred to within this instant "Motion" Defendant RICHARD ALLEN, Alabama Department of Corrections Commissioner, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

```
ALABAMA DEPARTMENT OF CORRECTIONS
ATTN: RICHARD ALLEN, COMMISSIONER
301 - SOUTH RIPLEY STREET
MONTGOMERY, ALABAMA
36130
```

**(2).**

At all times referred to within this instant "Motion", GWENDOLYN MOSELY, Warden at Easterling Correctional Facility, shall be known as a Defendant whose current address is known to the Plaintiff, as follows:

```
EASTERLING CORRECTIONAL FACILITY
ATTN: GWENDOLYN MOSELY, WARDEN
200 - WALLACE DRIVE
CLIO, ALABAMA
36017
```

**(3).**

At all times referred to within this instant "Motion" DR. RON CAVANAUGH, Director of Alabama Department Crime Bill Substance Abuse Programs, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

```
ALABAMA DEPARTMENT OF CORRECTIONS
DR. RON CAVANAUGH, DIR. S.A.P.
301 - SOUTH RIPLY STREET
MONTGOMERY, ALABAMA
36130
```

**(4).**

At all times referred to within this instant "Motion", BRIAN MITCHELL, Easterling Correctional Facility Psychologist, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

```
EASTERLING CORRECTIONAL FACILITY
ATTN: BRIAN MITCHELL, PSYCHOLOGIST
200 - WALLACE DRIVE
CLIO, ALABAMA
36017
```

-4-

At all times referred to within this instant "Motion" LARICE GREENE, Easterling Correctional Facility Classification Supervisor, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

EASTERLING CORRECTIONAL FACILITY
ATTN: LARICE GREENE, CLASS. SUPVR.
200 - WALLACE DRIVE
CLIO, ALABAMA
36017

(6).

At all times referred to within this instant "Motion" BOB RILEY, Alabama Governor, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

OFFICE OF THE ALABAMA GOVERNOR
ATTN: BOB RILEY, GOVERNOR
600 - DEXTER AVENUE
CLIO, ALABAMA
36130-2751

(7).

At all times referred to within this instant "Motion" SYDNEY WILLIAMS, Chairman of the Alabama Parole Board, shall be known as a defendant, whose current address is known to the Plaintiff, as follows:

ALABAMA BOARD OF PARDONS AND PAROLES
ATTN: SYDNEY WILLAIMS, CHAIRMAN
301 - SOUTH RIPLEY STREET
MONTGOMERY, ALABAMA
36130

(8).

At all times referred to within this instant "Motion" NANCY McCRARY, shall be known as a defendant, whose current address is known to the Plaintiff, as follows:

ALABAMA BOARD OF PARDONS AND PAROLES
ATTN: NANCY McCRARY
301 - SOUTH RIPLEY STREET
MONTGOMERY, ALABAMA
36130

(9).

At all times referred to within this instant "Motion" DAVID W. DOUGLAS, Parole Officer, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

ALABAMA BOARD OF PARDONS AND PAROLES
ATTN: DAVID W. DOUGLAS, PAROLE OFFICER
301 - SOUTH RIPLEY STREET
MONTGOMERY, ALABAMA
36130

(10).

At all times referred to within this instant "Motion" MATHEW GAGNE, Parole Officer, shall be known as a defendant whose current address is known to the Plaintiff, as follows:

ALABAMA BOARD OF PARDONS AND PAROLES
ATTN: MATTHEW GAGNE PAROLE OFFICER
301- SOUTH RIPLEY STREET
MONTGOMERY, ALABAMA 36130

VII.

FACTUAL ALLEGATIONS:

1). The herein named defendants and Ala. Treatment Act of 1990, Code of Alabama, 1975, §12-23-1, et. seq. authorizes the Establishment of Drug and Alcohol RELIGIOUS BASED TREATMENT IN ALL OF A.D.O.C. THERAPEUTIC PROGRAMS, in and outside of prison with no secular alternatives for Rehabilitative Programs ever being implemented.

The above named defendants are servants of the citizens of the
State of Alabama, the responsibility of the trial courts to determine
the ~~responsibility~~ treatment needs. See A.R.Cr.P., Rule #26.9.

The defendants in this instant situation have ~~usurped~~ **USURPED** the
authority of the state, both State and Federal Constitutions and
have invaded the province of the executive branch of government in
the State of Alabama. See Ex Parte Weber, 892 So. 2d. 869 (Ala.
2004), and are in direct violations of Plaintiff's U.S.C.A.,
#(1st.),(5th),(8th.), and, (14th.) and as such Plaintiff hereby
shows in pertinent part, the following, to wit:

> "U.S.C.A., (1st. Amendment congress shall make no
> law respecting an established religion...(5th Am-
> endment nor shall be deprived of liberty, property
> or the pursuit of happiness without due process..
> (8th Amendment...Excessive bail shall not be re-
> quired, no excessive fines imposed, nor cruel and
> unusual punishment inflicted...(14th amendment...
> no state shall make or enforce any law which shall
> abridge the privileges, immunites of citizens of
> the United States, nor, shall any state deprive
> any person of life, liberty,, property, or, the
> pursuit of happines without due process of law,
> nor deny any person within its jurisdiction the
> equal protection of law)".

2).  Upon entry into the custody of the Alabama Department of
Corrections, which the defendant have overcrowded by their actions,
all inmates are ~~evlauted~~ *Evaluated* at Kilby Correctional Facility, or,
Tutweiler Prison, Montgomery, and Wetumpka, respectively.

Among the issues for which prisoners are evaluated is the need
for special Rehabilitative Programs including chemical addictions or
abuse.

If, the D.O.C. determines inmates are in need of treatment, he
or she is sent to a facility which provides, by the state through
grants through state statutes, treatment programs that are federally
funded through these grants.

One of these facilities is "Easterling Correctional Facility"
that has one program for its inmates, "Crime Bill Substance Abuse
Programs".

-6-

Easterling Correctional Facility was designed for (650 inmates) and said programs contribute to the overcrowding at Easterling Correctional Facility which maintains a population of (1250 to 1380) inmates.

Easterling Correctional Facility has a whole dorm that is solely provided for substance abuse programs and its current capacity is at at approximately (200) inmates for (A and B Side), which the program operating at current defendant's overcrowding capacities make it necessary to place inmates on a waiting list.

The substance abuse programs are mandatory at Easterling Correctional Facility and include Pre- substance Abuse Programs, Crime Bill Substance Programs, and, After care Substance program which has produced an (18) month program that is **strictly** religious based. See attached Grievance Complaint to Alabama Personnel Board, Exhibit "A".✷

3). Inmates in all of the state's mandatory drug treatment Crime Bill S.A.P., and, community corrections programs are required to attend religious based N.A./A.A. meetings at least once a week (EXHIBIT-C)

4). The (12) steps and (12) traditions for alcohol and Drug Treatment Programs are based on the following philosophical and religious based concepts. See attached Exhibits (B and C).

5). Treatment days are Monday through Friday. The religious based (12 step program materials are disseminated by the defendants required to attend religious based NA/AA meetings at least one a week.

6). The (12)-Step and Twelve Traditions of alcohol and drug Treatment Programs are based upon the following philisophical and religious concepts; See Attached Exhibits "B&C".

7). Treatment days are Monday through Friday. The religious based (12)-Step Program materials are disseminated by the defendants and also by the amended defendants, and others who are working in

-6-

concert with the Alabama Department of Corrections. These include Alcoholic Anonymous, Narcotic Anonymous, Twenty-four hours a day and Hazelden are to be used during every treatment day.

Religion is integrated into the aforementioned Substance Abuse Treatment Programs so much so that the program rely on books that are replete with religion, the (12)-Steps are also painted on prison walls, as well as prayers to god.

8). Inmates in all Substance Abuse Programs are made to engage in group recitations to Prayers that involve God:

a). "GOD GRANT ME THE SERENITY TO ACCEPT THE TINGS I cannot change, the courage to change the things that I can and the wisdom to know the difference, living one day at a time, enjoying one moment at a time, accepting hardship as the pathway to peace, taking as he did, this sinful world as it is, not as I would have it, trusting that he will make all things right if I surrender to his his will, that I may be reasonably happy in This life and supremely with him forever in the next Amen".

9). Prior to the mandatory classification recommendations, enrolling in the Crime Bill Substance Abuse Program all inmates **must** execute a contract with the Alabama department of Corrections in which they promise to, among other things, participate in all mandatory assigned activities including homework assignments, to attend all sessions on time, and, attend NA/AA meetings weekly following program completion

Failure to comply totally with the contract will be grounds to have less restrictive programs terminated and placed in Warden Mosley's Administrative Segregation "Hot Dorm".

10). Inmates who do not desire, on religious grounds, or otherwise, to follow through with the recommendation of drug or alcohol treatment are asked to sign a waiver "Refusal to Participate" in the Substance Abuse Program form, stating in their own words why they do not wish to participate.

The form also says "failure to complete the program may prevent him from receiving favorable classification actions because untreated substance abuse problems ARE negative risk factor in classifying inmates".

In-formation contained in the refusal form is documented in his institutional file, central record files and parole files and taken into consideration when deciding on parole release.

The plaintiff, as a result has been subsequently denied parole on (2) occasions as suggested by a parole board interviewing officer, Mr. Scaraborough, who submits information to the parole board after conducting parole eligibility interviews here at Easterling Correctional Facility.

11). After an inmate completes S.A.P., a mandatory aftercare contract must be entered in which the inmate agrees to, among other things, attend after care meetings, adhere to rules including policies and comply with all aftercare structure, attend A.A./N.A. meetings, spend at least (30) minutes each day studying books to include, but not limited to, "The A.A/N.A. Big Book" and practice morning meditation and prayer daily. (SEE EXHIBITS B-C)

12). The classification and administration duties of the Alabama Department of Corrections' Officials, Defendant's overcrowding and Defendant's Administrative Policies uses discretion and judgement in making recommendations for the classification of inmates.

The criteria represents the totality of prison conditions due to defendant's overcrowding, although; "Prison Conditions" sounds like it might only include claims about things like inadeqaute food or dirty cells, in a case: Porter-v-Nussle, 534 U.S. 516 (2002), The Supreme Court held that "Prison Conditions" refers to everything that happens in prison".

This shows and represents a criteria for pre-conditional release, and parole, for assignment of security levels and custody, thats lacking in discretionary decision making and shows the totality of conditions.

13). If the defendants, and D.O.C. employess, and those working in concert with the defendants, conclude that an inmate continually maintains a negative attitude fails to cooperate or conform to treatment policies process, that inmate will be counseled and placed in administrative segregation, "Hot Dorm", in violation of the Constitution's (8th) Amendment Rights inflicting cruel and unusual punishment and even the threat of this violates the Plaintiff's Right to Equal Protection of the United States Constitution (14th) Amendment being locked up without a disciplinary hearing violates right to due process.

14). Inmates receive various benefits for completion of the religious based substance abuse treatment programs. Completion of such programs result in bonus points and positive reclassification progress reviews, the job board, consisting of the Warden, Psychologist, Classification Coordinator, and, other D.O.C. employess acting in concert and at the direction of the Defendant Richard Allen, et. al.,. See Alabama Department of Corrections Classification Manual, Page #22v.

Responsibilities: "The Commissioner of Corrections is responsible for the Direction and Operation of the Alabama Department of Corrections and has full override authority of **any** criteria in this manual that is not otherwise barred by law". This manual also instructs the Defendants' classification team to take into account the religious preference of the Plaintiff and inmates— Page #16, Line #(6), "state inmate's religious affiliation". SEE: INMATE PROGRESS REVIEW (EXHIBIT-D) Bottom OF PAGE

The Defendant's, Alabama Department of Corrections - Progress Review Form - October 18, 2006, has Plaintiff's religious affiliation as a Native american and also says that Plaintiff may participate in "minimum out" custody after completion of "Crime Bill S.A.P." See Exhibit (d).

Defendants considers the Substance Abuse Programs Completion as a positive factor in assigning of unsupervised positions in the community, regardless, of other rehabilitative programs that do not receive the same considerations that are just as much a factor for consideration. ▬▬▬▬▬▬▬▬), page #15, Line #(1), Paragraph #(4), Alabama Department of Corrections manual that so states: "The degree of motivation and desire for change is a valid element for considerations. While an inmate may have the option of refusing to participate in specific programs Recommended by Professional or Treatment Staff, in those cases where there is an obvious identified need for such programs, the refusal of an inmate to attend or participate will be considered for "negative" future classification reviews".

However, The Completion of the Crime Bill S.A.P. Programs places the inmate in for lesser security levels, without regard to Rahabilitative Programs that should also be a Positive factor.

15). Inmates and the Plaintiff receive various punishments for failing to complete and participate in the Religious Based Substance abuse Treatment Programs.

Though an inmate may refuse to participate and complete the religious based substance abuse programs, A copy of the written refusal is placed in the inmate's institutional, classification, and parole files and is negatively considered in all subsequent classification reviews and parole reviews.

If the defendants, employees of the Alabama Department of Corrections and others determine there is a need for substance abuse treatment, an inmate's participation in the Mandatory Substance abuse Treatment Programs is coerced upon upon pain of

adverse notations in prison files which affect parole eligibility, security classification, risk assessment and other significant penalties, job penalties, or, loss of benefits imposed by D.O.C. Officials. (SEE EXHIBIT- C)

Defendants will revoke work-release where such has been previously approved, solely, because of inmate's request to drop out of Crime S.A.P..

Classification Officers consider an inmates' refusal to participate in a Substance Abuse Treatment Program based on religion, as a lack of any motivation or desire to change regardless of Trade School Participation, Adult Basic Education Participation and educational participation, which, results in recommendation denying community placement, or, work-release and ultimately denied parole.

Substance Abuse Treatment becomes the inmate's religiously assigned job, and as such, refusal to participate in religious based Substance abuse Treatment Programs results in the issuance of disciplinary reports which are also a violation of the Plaintiff's (1st)(5th)(8th) and (14th) amendment rights to the United States Constitution.

16).    The Plaintiff, Donald W. Young, at Easterling Correctional Facility has been required to participate in Substance Abuse Religious Based Treatment Programs as a condition of confinement and has been denied parole on a consecutive basis for the last (3) years, regardless of the Plaintiff's motivation to complete (2) trade school trades, G.E.D. and earning college credits. (SEE: Graduate Certificate EXHIBIT- E)

The parole board's reason for denial of parole shows a total disregard to the current overcrowding conditions and proves a significant abuse of discretion in decision making by the Defendants' Sydney Williams, and, Sandra McCrary.

17).    Plaintiff, inmate Donald W. Young, is a techinical violator returned to prison for failure to report and pay parole fees of which is being currently challenged in the Montgomery County Circuit Courts, for false arrest by a parole officer and violations of Plaintiff's Right to Due Process. (SEE EXHIBITS-F)

Plaintiff entered the Alabama department of Corrections on October 17, 2003 and was due to be paroled July, 2004 where classification specialist Mis Hayes recommended plaintiff complete trade school "electrical techonlgy" before being paroled or transferred. (EXHIBIT-E) certificate

Plaintiff graduated from trade school pursuant to Ms. Haynes instructions from the "electrical trade" with honors, See Exhibit (E). CERTIFICATE OF COMPLETION

Plaintiff submitted to classifications recommendations and when the (2005) classification hearing for your Plaintiff was conducted the herein named defendants in this amended Complaint who are easterling Correctional Facilities Classification Board, made mandatory the plaintiff's participation in the religious based Crime Bill Substance abuse Treatment Program, at which time I refused to participate and I was told I was restricted from being transferred and I would not receive a lesser level of security for placement into work-release or a pre-release facility, which is a violation of Plaintiff's (14th) Amendment Rights to due process of law, under Code of Alabama, 1975, §12-23-1, et. seq., which authorizes the establishment of mandatory treatment in every circuit of the State of Alabama, if the person complies with all the conditions of such a conviction then the subject can receive a favorable recommendation.

The Plaintiff has never been convicted by any court of any law under these conditions and moves this Honorable Court to make a decision in favor of the Plaintiff for these civil right's violations.

18). Plaintiff Donald w. Young has exhausted all available administrative remedies, there has been no grievance process since July, 2005 at the Easterling Prison, or within the Alabama department of Correction's system.

There is a request slip form process, that when executed as a grievance, is usually never answered and the request never returned.

Plaintiff has been threatened with lock-up by the Defendant Warden Gwendolyn Mosely and those working in concert with said Warden.

If the Plaintiff continues to pursue any other remedy, SAID ~~letter~~ letter from Warden Mosely, to the Plaintiff's Mother that states "that the Plaintiff will not be transferred anywhere until completion of program and states that this is Alabama Department of Correction's Policy.

19). Defendant's overcrowding and defendants' actions have caused and continue to cause irreparable emotional and psychological injury which cannot be remedied through the simplicity of re-instating the Plaintiff to Parole, but, this offense can be adequately remedied through monetary damages and

-11-
long term Psychological-emotional mental health treatment, that

has also been discontinued.

20). Defendant Cavanaugh and defendants' acting in concert with the herein named offenses has failed to comply with a settlement entered into by the court in Tharog v-Haley, 97-A-120-N, on November 30, 2000.

21). Plaintiff would show that, Richard Allen, is the Commissioner of the Alabama Department of Corrections and a defendant in his official and individual capacity.

22). Plaintiff shows that Sydney Williams is the Chairman of the Alabama Board of pardons and Paroles and a Defendant in his official and individual capacity.

23). Plaintiff would also show that David W. Douglas and Matthew Gagne, are parole officers with the Alabama Board of Pardons and Paroles and are defendants' in their official and individual capacity.

24). Plaintiff shows that Nancy McCrary, is a parole board member and a defendant in her individual and official capacity.

25). The herein named defendants are represented by undersigned counsel/Assistant Attorney General Steven M. Sirmon, and, also the Alabama Attorney general Troy King.

26). Plaintiff will show in his amended more of, and, different facts to his (1983) action to include documented evidence that Sydney Williams, Nancy McCrary, Matthew Gagne, and david W. Douglas acted with negligent disregard to the Plaintiff's Complaint in and out of this Honorable Court.

27). The Plaintiff questions whether Defendants' Williams, Gagne, Douglas and McCrary are competent enough to stay in their present positions and further questions defendants' judgement and fact finding with the Alabama Board of Pardons and Paroles.

28). Plaintiff was revoked of his parole on or about 08-11-03, by defendant Williams and Defendant McCrary. see Exhibit (H.)

Prior to the revocation, which was to be given further consideration on July, 2004, Plaintiff shows that he was self-employed as a contractor and working at the time of his arrest.

29). In the due process clauses of the Fifth and Fourteenth Amendments; prohibit federal and state officials from depriving Plaintiff of Life, Liberty, and Property without due process of law. Plaintiff was and is being deprived of life, liberty, property

, (state created liberty interests), and, that Defendant's Williams, McCrary, Douglas and GAGNE officials of the Alabama Board of Pardons and Paroles, and Parole Board, acting under color of state law, have deprived and are denying the Plaintiff due process of law and equal protection under the United States, and Alabama           Constitutions,           1901, (1st)(4th)(5th)(6th)(7th)(8th)(10th)(13th), and (14th0 amendment Rights, indirect violation of plaintiff's rights.

30). Plaintiff Donald W. Young was arrested (EXHIBIT(G)) that date was May 12, 2003 and on or about July 16, 2003, The Preliminary Hearing by the Parole Court was held by Defendant Gagne and Douglas, the final hearing was on or about 08-11-03 Defendant's Williams and McCrary and they ruled "charges proven in the absence of the Plaintiff and Hearing Officer.

Prior to this fabricated event there was liberty interest created when plaintiff was granted parole on or about January 13th, 1997, and the Board of Pardons and paroles's officials issued a violation for plaintiff's arrest June 30, 2003, and plaintiff was returned to prison October 17, 2003.

31). Plaintiff was arrested May 12, 2003,, but, parole officer's report states "that he arrested the Plaintiff on July 2, 2003 for failure to report, failure to pay fees, and, failure to pay court ordered monies, for the months of april May June, 2003.

32). Plaintiff Donald W. Young, was arrested May 12, 2003, by warrants issued by Jerry L. Clary, Honorable Judge of Fayette County, Alabama, May 12, 2003,. (SEE: WARRANTS EXHIBIT)(G)

The District Attorney and the State of Alabama did a "no-bill" and all charges that were filed against the Plaintiff were dropped at this time, on or about August, 2003.

33). The Board of Pardons and paroles members Defendants' Williams. McCrary, Douglas, and, Gagne denied Plaintiff a preliminary examination at the time of his arrest May 12, 2003 and Plaintiff's right to be present at 08-11-03 second hearing and the fact finding of the defendants' Doglas and Gagne recommended that Plaintiff parole be revoked by Defendant Williams and McCrary who ruled on recommendations rather than facts and because of this denial the Chairman, Defendant Williams, and Defendant McCrary, with the alabam Board of Pardons and Paroles, responsible for the many duties of personally studying prisoners so as to determine their ultimate fitness to be released on parole by exercising discrectionary decision making when deciding when or when not to grant parole to prisoners determing whether violation of parole

conditions exist in specific cases of parolees what action should
be taken with reference thereto revoking Plaintiff's Parole,
without reference thereto, Defendants' Williams, Gagne McCrary,
and Douglas Acted ON HearsAy.

34). Plaintiff shows that Defendants Williams, McCrary,
Gagne, and, Douglas never had and did not investigate the charges
of the fact finding in the Plaintiff's case.

Had Defendants' Williams, McCrary, Gagne, and Douglas done so
the records would show that the Plaintiff could not have missed
reporting and paying fees being detained for the time in which he
was ultimately revoked and continually denied parole by Defendant
Williams, Chairman of the Parole Board and the other board members
who could have investigated my claims and defendant Willaims the
Parole Board Chairman could have called for a Board Hearing, and
Defendants' Williams and McCrary should have after an evaluation
was conducted, ~~and~~ reinstated the Plaintiff back into his liberty
interest, which, was wrongfully taken.

35). Plaintiff was arrested May 12, 2003, for unauthorized
use of a motor vehicle, and Theft of Property by deception (1st)
and (2nd), (2) Counts which was subsequently "no-billed" by the
Fayette County Grand Jury. (SEE WARRANTS EXHIBITS- )(G.)
Defendant Parole Officer Gagne issued an application for arrest for
plaintiff on 06-30-2003 for parole violation and prepared a report
of violation on 07-2-03 and states that "Plaintiff was arrested
and placed in the Fayette County Jail on 07-02-03 for technical
violations, "failing to report, failing to pay fees, and pay court
ordered monies"". (SEE EXHIBITS (I.)

Defendant Parole Officer Douglas, Board Appointed Hearing
Officer conducted court on 07-16-03 at which time plaintiff
stated, when questioned that he "did fail to pay and report for
the months of April, May, June in answering the hearing officer's
questions does not constitute guilt, when the Plaintiff's records
will show that Plaintiff was in detention at these times.

On or about 08-11-03, The Parole Board called to meet
Defendant Williams, and Nancy McCrary and at that time revoked the
Plaintiff's Parole and has subsequently been denied parole
consideration on July, 2004 and again on June, 2005 and again in
November, 2006, set off for parole review again in November, 2007.

Year after year, for no apparent reason, Plaintiff is being
denied parole. This is discrimination and a violation of equal
protection of the law.

36). Plaintiff filed a Petition for Writ of Certiorari on or about 10-19-05, challenging the 08-11-03 revocation of parole The Sherrif's department issued a Summons on 12-29-05 for Defendant's Douglas and Gagne with the Alabama Board of Pardons and Paroles, which was served on 01-06-2006. (SEE CASE ACTION SUMMARY EXHIBITS) (F)

The defendants failed to respond within the required time and Plaintiff filed for application for default on 02-14-06, The Circuit Court never ruled for or against the Plaintiff and the Plaintiff re-filed for Application for default on 08-11-2006, The State responded with a Motion to Dismiss, that was time barred as time for responding and filing had expired, which was denied in The Montgomery Circuit Court, ~~entered~~ by the Honorable Judge Eugene Reese on 12-01-2006.

Plaintiff filed writ of Mandamus in the Alabama Court of criminal Appeals to resolve said writ of Certiorari in the still pending said montgomery county circuit court. Initially the Appellate Court gave the Circuit Court (21) days why the writ should not issue.

After the expiration of said (21) days and no response from the Circuit Court Plaintiff filed Motion for Default in the Appellate Court and on or about 02-20-07 said Writ was denied as "moot" by the Alabama Appellate Court, hence; said Writ of Certiorari is still pending in the Montgomery County Circuit Court. 37). Defendants' Gagne, Douglas, and McCrary WILLIAMS ARE absolutely liable for predicated acts of adjudication as members of the parole board of pardons and paroles, in their official and individual capacities, acting under color of state law.

Plaintiff shows that he has overcome the defendants' standing of qualified immunity by showing that Plaintiff's rights were clearly established at the time of the alleged violations, See Wilson-v-LAyne, 526 U.S. 603, 609 (1999); Conn-v-Gabbert, 526 U.S. 286, 290-91 (1999); Harlow-v-Fitzgerald, 457 U.S. 800, 818 (1982.

38). Defendants' Williams, McCrary, Gagne, and Douglas have taken no action for (4) years as Parole Board Members to correct these violations of clearly established law by denying the Plaintiff clearly established rights to due process, life, liberty and property.

Plaintiff clearly shows a claim upon which relief may be granted. Defendants' Williams, McCrary, Gagne, and Douglas have failed to investigate this matter and has sufficient information on which to admit that they have failed to investigate this matter.

-15-

The plaintiff's complaint of being placed in adverse prison conditions by Defendants' Williams, McCrary, Gagne, and Douglas has caused irreparable harm to the Plaintiff by depriving the Plaintiff of his constitutional right to due process, life, liberty, and property as protected under the Constitution of the Laws of the United States.

The plaintiff has presented a justifiable controversy between the Plaintiff and the Defendants', ▓▓▓▓ ▓▓▓▓▓, in that Defendants' Williams, McCrary, Gagne, and Douglas has the authority and powers to govern, regulate, and change the conditions for which these board members are responsible for in the first place in placing Plaintiff back into deplorable conditions caused by the defendants' overcrowding within the Alabama Department of Corrections.

39). Defendants' Williams, McCrary, Gagne, and Douglas acted under color of state law to cause and effect these violations and ultimately prison overcrowding.

40). Plaintiff cites his rights pursuant to the (5th) and (14th) Amendments, U.S.C.A., and the Alabama Constitution, 1901, Section (16), and, (22), The Declaration of right combining to guarantee equal protection of the law of Alabama.

The guarantee prohibits class legislation, arbitrarily against some and favoring others, in like circumstances. See Moore-v-Mobile Infirmary Association, 592 So. 2d. 165 (1991); quoting opinion of the justices, 552 Ala. 530, 41 so. 2d. 775, 777 (1949) (footnote omitted) Section (1.6) and (22) of the Declaration of Rights combining guarantee of equal protection under the laws of Alabama. See uEx Parte Branch, 526 So. 2d. 609 (Ala. 1987); Glayo-v-Rouselle, 375 So. 2d. 499 (Ala. 1997).

41). Plaintiff cites Preston-v-Piggman, 496 F. 2d. 270, 274 (6th Cir. 1074), Notes (3-11, Note (3) KEY 14:18 a revocation is a (2) step process: The First, is a preliminary hearing hearing "at the time of the arrest", Plaintiff was arrested May 12, 2003, "or detention to determine whether there is probable cause to believe that the Parole has violated the conditions of parole, and, The Second involves the more comprehensive revocation hearing at which the Board **must** resolve the facts as determined to warrant revoaction."

Defendants' Williams, Gagne, McCrary, and Douglas did not determine facts and could not resolve anything.

42). This court should grant leave freely to amend Plaintiff's Complaint. See Forman-v-Davis, 371 U.S. 178, 182

-16-

The Plaintiff was arrested for "unauthorized use of a motor vehicle and theft by deception", (2) Counts (1st) and (2nd.) Degree.

In May of 2003, these charges were brought before the Honorable Judge Jerry L. Clary, Judge of the Circuit Court for fayette County, Alabama.

The state, at later date was unable to go forward with its' prosecution, and, advised the court as such on or about August, 2003.

Thereafter the Plaintiff's "Motion to Dismiss" was granted. The Plaintiff, Donald W. Young, asserted all along that he was innocent of all charges, both criminal and techinical. Defendants' Williams and McCrary with the Parole Board revoked Plaintiff's Parole based on erroneous information, (A false arrest by Defendant Gagne), and because Defendants' Williams, McCrary, Douglas, and, Gagne failed to investigate these allegations for technical violations the Plaintiff was denied the minimum due process requirements as out by law pursuant to: Morrisey-v-Brewer, 408 U.S. 471, 33 L. Ed. 2d. 484, 92 S. Ct. 2593.

Defendants' Willliams, McCrary, Gagne, and Douglas violated Plaintiff's (8th) Amendment Rights by subjecting plaintiff to adverse Defendants' Overcrowding.

The only evidence presented to Defendant Williams Chairman of the Parole Board and, Defendant McCrary, Parole Board member was the hearing officer's Defendant Douglas's report, (acquired by hearsay from defendant Gagne) which was hearsay testimony.

The right to confront and cross examine adverse witnesses; The Plaintiff nor the hearing officer was at the final hearing before Defendants' Williams, and McCrary, Parole Board Members.

This is in direct violation of the Plaintiff's (14th) Amendment Right to due process (Morrisey-v-Brewer), supra.

Plaintiff (Parolee) is not the only one who has a stake in what ever may be the chance of restoring plaintiff to normal and useful life within the law.

Society, thus, has an interest in not having Parole revoked because erroneous evlauations by the board members of the need' to revoke parole given the range of parole conditions, (Morrisey-v-Brewer), supra.

The Plaintiff shows a claim against Defendants' Williams, McCrary, Douglas, and, Gagne, The board circumscribed by statute, Code of Alabama, 1975, Title §(15), Defendants' took statutory jurisdiction of the Plaintiff by placing him under arrest, The

plaintiff ⬛ was authorized to release the Plaintiff only after determining that release of the Plaintiff is consist with the welfare of society, The Plaintiff charges were technical Rule violations, missing payment of fees and failure to report, erroneously charged and the punishment, placing Plaintiff in Defendants' Overcrowded prisons, far exceeds ⬛⬛⬛ the punishment ⬛⬛ ⬛⬛⬛⬛⬛ thats prescribed by law under the United States Constitution.

The Alabama Board of Pardons and paroles, and, Parole Board Chairman, Defendant Williams, and Parole Board Member Defendant McCrary knew they were violating the Plaintiff's Constitutional Rights by placing Plaintiff in an overcrowded facility that's dangerously overcrowded and understaffed, and, infested by disease.

The Board should shoulder this burden of responsibility and there would be far less inmates in prison.

V.

## COUNT 1:

### VIOLATION OF RELIGIOUS RIGHTS

43). Plaintiff re-alleges that "progress review forms" will show that Plaintiff religious preference is "Native American" dated 10/18/2006, See Exhibit ( D. ), and incorporates by reference as is fuly set out herein each and every allegation contained in paragraphs (1-48) herein numerated.

44). Defendants' actions create a constitutionally impermissable establishment of religion and free exercise of religion pursuant to the (1st.), and, (14th.) Amendments to the United States Constitution.

45). Defendants' conduct is actionable pursuant to: 42 U.S.C., §1983.

## COUNT 2:

### VIOLATION OF SETTLEMENT AGREEMENT

46). Defendants' actions constitute a violation of the settlement agreement entered into "Twarog-v-Haley" 97-A-120-N on November 30, 2000.

## COUNT 3:

### "CONTINUED EXTENDED CIVIL RIGHTS VIOLATIONS"

47). Defendants' forced overcrowding participation on the Plaintiff, violates Plaintiff's (1st)(5th)(8th) and (14th) Amendment Rights to the United States Constitution, by being made, through coercion, Plaintiff is denied life, liberty, property and

-18-

due process of law by the defendants in their continued extended sanctions.

## VI.

### PRAYER FOR RELIEF

48). WHEREFORE PREMISES CONSIDERED: The Plaintiff asks this court, the following, to wit:

A). Issue an "Order" declaring the defendants coercion in making mandatory participation in any Alabama Department of Corrections, Religious Based Rehabilitative Drug Treatment to cease immediately in violating the establishment clause of the First amendment of the United States Constitution mandatory through Alabama's mandatory Treatment Act of (1990), where there has never been any secular alternatives to drug treatment in the State of Alabama, See Twarog-v-Haley, 97-A-120-N, on November 30, 2000, and there still is callous and deliberate indifference to this among the herein named defendant, who know and should have known of these civil rights violations.

B). Issue a Temporary Injunction enjoining the defendants and all those in active concert or participation with said defendants to operate and maintain secular alternatives (Trade Schools, G.E.D., Adult Basic education) to the religiously based programs for the treatment of inmates who are deemed in need of Rehabilitation and directing that such secular alternatives be operated and maintained for **all** inmates that have been administratively classed.

C). Issue a Temporary Injunction enjoining and directing the defendants overcrowding and all those in active concert or participation with Warden Moseley Classification team, overseen by Commissioner Richard Allen, to remove any benefits to or any negative notations to Plaintiff's Records that has affected Plaintiff's Parole, security level, Job Placement, or any other denial of rights, especially the choice to make a decision of and for spiritual preference for rehabilitation, privileges, or immunities of the Plaintiff, objections to, or refusal to participate in any rehabilitative programs religious and secular.

D). Issue a Temporary Injunction "Ordering" Defendant Cavanaugh and the defendants' overcrowding and all those in active concert or participation with Warden Moseley to comply with said settlement agreement and to take notice of the secular programs that are within the A.D.O.C., immediately. See Lee-v-Weisman, 505 U.S. 577 (1992) for the proposition "that geovernment may not

-19-

coerce anyone...to participate in exercise..."applying this to the three part coercion test of "Kerr-v-Farrey". 95 F. 3d. 472 (&th Cir. 1996) First: as to the requirement of state action, Alabama;s mandatory Treatment act of 1990, Code of Alabama, 1975, §12-23-1, et. seq., authorizes the establishedment of religious based programs prohibited by the (1st.) Amendment.

Second: Plaintiff was told , and a letter written to Plaintiff's mother by the Warden Gwendolyn Moseley, that "he (Plaintiff) would not be going anywhere until he completed "Crime Bill S.A.P." which was stated in the letter to Plaintiff's Mother as "Department Policy".

Third: The coercion is religious, because N.A. reference to :GOD" necessarily implies a spiritual system of truth and worship. This Department may argue "GOD" could refer, to say, just a door nob, but, the second circuit, See "Warner-v-Orange County Department of Probation" 115 F. 3d. 1068 (1997) and the seventh Circuit (Kerr, supra), to show that "Requiring participation in N.A. is an establishment of religion prohibited by the First amendment.

E). Award the Plaintiff ($250,000), Two Hundred and Fifty Thousand Dollars from each defendant for the mental torture and anguish from the frustration and hardship inflicted by the defendants through coerced "Blackmail" to be made to participate by repeated harrassments where now the Plaintiff is under duress to be made to even now participate in Alabama Department of Correction's Crime Bill Substance Abuse Programs in Alabama's Department of Correction's ~~Crime~~ Substance Abuse Program located at Easterling Correctional Facility, prior to which the Plaintiff has been clinically diagnosed bi-polar which condition had improved up until this point and again being denied parole by these policies of civil right's violations.

F). Award Costs and disbursements of this action.

G). Award the Plaintiff by relieving the defendants' Gwendolyn Mosely, Brian Mitchell, Latrice Green, Ron Cavanaugh, Sydney Williams, Nancy McCrary, **David C.** Douglas, Matthew Gagne, employees of the Alabama department of Corrections and The Alabama Board of pardons and paroles from their positions.

H). Grant plaintiff such and other relief as this court deems just in the amount of ($1,000,000) from each defendant, Williams. McCrary, Douglas, and, Gagne, and, ($250,000) from said Defendants for punitive damages and grant release from prison and

grant temporary & permanent injunctive relief from each and every defendant named herein.

I). Grant plaintiff such and other relief as the court deems just and proper, Plaintiff also further asks of this Court to recognize United States Supreme Court decision in similar circumstances where in one court on June 11, 1996, The New York Court of Appeals Ruled in the landmark case, <u>Griffin-v-Coughlin</u>, _____ U.S. _____, that the substance abuse prgram (S.A.P.), then in use by the New York Department of Corrections was unconstitutional because after fair reading of the doctrinal literature of A.A (The 12-Step Program found to be) unequivocably Religious, when mandated or forced in any 12-step participation is a violation of the most fundamental rights guaranteed under the United States Constitution.

This was a landmark case giving lower courts persuasive authority to rule similiary. In January, 1997, The U.S. Supreme Court let this decision stand on appeal. See <u>Griffin-v-Coughlin</u>, _____ U.S. _____.

Executed this the 4th day of MARCH, 2007.

Respectfully Submitted,

X *Donald W. Young*

DONALD W. YOUNG
PLAINTIFF, PRO-SE

CERTIFICATE OF SERVICE

Plaintiff, under perjury, states that the foregoing is true and correct under penalty of perjury, pursuant to: 28 U.S.C., §1746, et. seq., provides that in all federal proceedins, written declarations made under penalty of perjury are permissable in lieu of notarized affidavis, See Carter-v-Clark, 616 F. 2d. 228, (5th Cir. 1980),.

Plaintiff further certifies to this court that he ~~was~~ served upon the Defendant's Counsel a copy of the foregoing by placing same in the United States Mail Box, located at Easterling Correctional Facility, postage prepaid, and, addressed correctly. Executed this the 4th day of March, 2007.

I hereby certify that the foregoing is true and correct to the best of my knowledge and belief under penalty of perjury, pursuant to: 28 U.S.C., §1746, et. seq.,.

X Donald W. Young
DONALD W. YOUNG,
PLAINTIFF, PRO-SE

CC:

ADDRESS OF PLAINTIFF:

DONALD W. YOUNG, PRO-SE
ECF * #157063 * DORM - G-2-____
200 - WALLACE DRIVE
CLIO, ALABAMA 36017

CLERK OF THIS COURT
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
DEBRA P. HACKETT
P.O. BOX 711
MONTGOMERY, ALABAMA
36101

RESPONDENTS ATTORNEYS:
STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
TROY KING
ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA
36130-0152

FROM:
Donald W. Young #157n063
Easterling Correctional Facility
Dorm 28 Bed 20A
200 Wallace Drive
Clio, AL 36017-2615

TO:
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
CLERK OF THE COURT
DEBRA P. HACKETT
P.O. Box 711
MONTGOMERY, ALABAMA
36101